IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VINCENT X. LEE, | ) | |
| Register No. 37915, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4388-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al,. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In this complaint, plaintiff Vincent Lee has named Dave Dormire, Gilpin L. Bright and J. Oxley as defendants. Plaintiff asserts that following a cell search, he was moved into administrative segregation and then denied access to the courts. He alleges he was prejudiced in his pending civil cases.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the records reveals that plaintiff has been a frequent litigator over the years who has had several cases dismissed for failure to state a claim or because frivolous under 28 U.S.C. § 1915. *See Lee v. Gammon*, No. 98-0034 (W.D. Mo. Jan. 20, 1998), in which it was determined that Lee was ineligible for in forma pauperis status because of the three-strike provision.

In this case, plaintiff's claims do not fall within the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Thus, plaintiff's claims are subject to dismissal because plaintiff is a frequent litigator who is barred from filing further lawsuits in forma pauperis unless he is in immediate danger of serious physical harm.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases or appeals dismissed as frivolous or for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 22nd day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2